IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD SHAWLEY<br>29 Bluff Street<br>Trafford, PA 15085<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AMERICAN STATES INSURANCE COMPANY<br>350 East 96th Street<br>Indianapolis, IN 46240<br><br>　　　　Defendant. | Case No: 2:23-cv-00202-NBF<br><br>**AMENDED COMPLAINT**<br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

AND NOW, comes the Plaintiff, RICHARD SHAWLEY, by and through his counsel, Chaffin Luhana LLP, and files his Amended Complaint against Defendant, AMERICAN STATES INSURANCE COMPANY, and in support thereof avers as follows:

**PARTIES**

1.　Plaintiff, RICHARD SHAWLEY, is a competent adult individual currently residing at 29 Bluff Street, Trafford, Allegheny County, Pennsylvania 15085.

2.　At all times material here, Plaintiff, RICHARD SHAWLEY, was the owner and and operator of a 1999 Buick Century.

3. Defendant, AMERICAN STATES INSURANCE COMPANY is an Indiana Corporation that sells policies of motor vehicle insurance, maintains offices, and regularly conducts business within the State of Pennsylvania and Allegheny County with a known principal place of business of 350 East 96th Street, Indianapolis, Indiana 46240.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship between the parties, and the amount in controversy exceeding $75,000.00 (seventy-five thousand dollars) exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c). Thus, the Defendants are subject to personal jurisdiction in this district.

## FACTS

6. Plaintiff repeats and re-alleges the allegations contained in the paragraph above as though set forth fully at length herein.

7. On May 18, 2021, at approximately 7:54 p.m., Plaintiff was operating his Buick Century south on Luehm Avenue through the green light of its intersection with Lincoln Highway.

8. At that same time, the tortfeasor Amelia Starnes was operating her vehicle west on Lincoln Highway into the intersection with Luehm Avenue in North Versailles, Allegheny County, Pennsylvania 15137.

9. At that time and place, Ms. Starnes violated and drove through a steady red light at the intersection and violently collided with Plaintiff's vehicle.

10. As a result of the collision, Plaintiff sustained serious and potentially permanent injuries.

11. Plaintiff's damages and injuries are the direct and proximate result of original tortfeasor, Amelia Starnes', negligence, in the following particulars:

a. Failing to acknowledge and heed the red light before her;

b. Failing to obey the red light before her;

c. Operating her vehicle into the vehicle occupied by the Plaintiff;

d. Operating her vehicle into an area occupied by another vehicle, namely that of Plaintiff;

e. Failing to keep and maintain proper and adequate lookout for other traffic on the roadway;

f. In failing to turn her vehicle aside or take other appropriate and/or evasive action so that the collision with the vehicle occupied by Plaintiff could be avoided;

g. In failing to observe the vehicle occupied by Plaintiff;

h. In failing to warn, honk, signal, flash her lights, or in any other way notify the Plaintiff of an impending collision;

i. Driving while distracted;

j. Operating her vehicle without due regard for the rights, safety, and position of the Plaintiff;

k. Operating her vehicle so as to bring it into sudden, forcible contact with Plaintiff;

l. Failure to maneuver her vehicle so as to avoid an impact;

m. Failure to maintain adequate control over her vehicle;

n. Failing to operate her vehicle in a safe manner given the topography, weather, lighting, traffic, and road conditions then and there existing;

o. Failing to operate her vehicle in a safe physical condition;

p. Failing to keep her vehicle in safe operating condition and free of mechanical defects;

q. Failing to take all reasonable measures to avoid the collision with the vehicle operated by Plaintiff;

r. Operating her vehicle with careless disregard for the safety of others in violation of state law, including, but not limited to, 75 Pa.C.S.A. §§ 3311 and 3714; and

s. Failure to obey the rules of the road and the statutes of the Commonwealth of Pennsylvania about her vehicle on the highways and roadways of the Commonwealth.

12. As a direct and proximate result of original tortfeasor, Amelia Starnes', negligence, Plaintiff sustained the following injuries, some or all of the results of which are ongoing and may be permanent in nature:

    a. Left rotator cuff tear, requiring injections and future shoulder replacement;

    b. Right eye detached retina;

    c. Impaired vision;

    d. Neck pain;

    e. Left arm laceration;

    f. Left arm pain;

    g. Lower intestine pain;

    h. Left knee pain;

    i. Right shoulder pain;

    j. Lower back pain;

    k. Tingling/spazzing sensation in right side of back;

    l. Penile pain;

    m. Abdominal pain;

    n. Bruised chest;

    o. Bruised ribs; and

    p. Other injuries as the medical records may reveal or which have yet to be diagnosed.

13. Due to the aforesaid injuries, Plaintiff has been economically damaged as follows:

   a. Plaintiff has been required to expend and will be required to expend sums of money for medical treatment;

   b. Plaintiff has unpaid medical bills;

   c. Plaintiff has lost wages;

   d. Plaintiff has lost earning capacity;

   e. Plaintiff has been required to expend and will be required to expend sums of money for counseling due to the traumatic nature of the event;

   f. Plaintiff will have future medical bills; and

   g. Any other future economic loss which may become known.

14. As a further result of this accident, Plaintiff has suffered severe physical pain, mental anguish, loss of enjoyment of life, emotional distress, loss of vitality, vigor, health and/or strength and may continue to suffer for an indefinite time into the future including the following:

   a. Plaintiff suffered, and continues to suffer on a daily basis, physical pain as a result of the aforementioned injuries;

   b. Plaintiff suffered, and continues to suffer, emotional distress as a result of the trauma of the accident;

   c. Plaintiff suffered, and continues to suffer the inability to perform basic daily activities; and

   d. Plaintiff suffered, and continues to suffer, disfigurement, scarring and the inability to perform basic daily activities.

15. At the time of the subject crash, the tortfeasor, Amelia Starnes, was insured with AAA Insurance with bodily injury liability protection limits in the amount of fifteen thousand dollars ($15,000.00) per individual and thirty thousand dollars ($30,000.00) per accident.

16. On May 20, 2022, original tortfeasor, Amelia Starnes, tendered her policy limits of $15,000.00 to Plaintiff.

17. On May 26, 2022 Defendant, AMERICAN STATES INSURANCE COMPANY, consented to the settlement with the original tortfeasor and waived its subrogation rights.

## COUNT I – BREACH OF CONTRACT
### (RICHARD SHAWLEY v. AMERICAN STATES INSURANCE COMPANY)

18. Plaintiff repeats and re-alleges the allegations contained in the above Paragraphs as though set forth fully herein.

19. The original tortfeasor, Amelia Starnes', bodily injury policy limits are insufficient to compensate the Plaintiff, for the injuries and damages he sustained as a result of the subject incident.

20. At all times material hereto, Plaintiff, RICHARD SHAWLEY, was insured under a policy of automobile insurance with Defendant, AMERICAN STATES INSURANCE COMPANY, bearing policy number K31198119 (hereinafter referred to as "subject policy"). A true and correct copy of the document provided to Plaintiffs from the Defendant as representing the subject policy, including the Declarations Page, and constituting the terms of the subject policy are attached hereto as Exhibit "A".

21. Pursuant to the aforementioned policy with Defendant, American States Insurance Company, it is stated that:

> We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury**:
>
> 1. Sustained by an **insured**; and
> 2. Caused by an incident.

Subject policy at *23.

22. Under the aforementioned policy with Defendant "insured" is defined as:

> 1. You or any **family member**

*Id.* at *23.

Under the aforementioned policy with Defendant "you" is defined as:

>A.1. The "named insured" shown in the Declarations;
>
>Under the aforementioned policy with Defendant "bodily injury" is defined as:
>
>E. "Bodily injury" means bodily harm, sickness or disease, including death that results.

*Id*. at 1.

>Under the aforementioned policy with Defendant "underinsured motor vehicle is defined as:
>
>**"Underinsured motor vehicle"** means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for **bodily injury** under that body or policy to an **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages.

*Id*. at 23.

23. At all times material hereto, Plaintiff, RICHARD SHAWLEY, was occupying a covered automobile under the aforementioned policy of insurance with Defendant, AMERICAN STATES INSURANCE COMPANY.

24. At all times material hereto, Plaintiff, RICHARD SHAWLEY, was entitled to recover damages due to the bodily injury he suffered under the aforementioned policy of insurance with Defendant, AMERICAN STATES INSURANCE COMPANY.

25. At the time of the purchase of the aforementioned policy of insurance with Defendant, AMERICAN STATES INSURANCE COMPANY, Plaintiff elected to purchase bodily injury limits in an amount greater than the minimum coverage required by the Commonwealth of Pennsylvania, and more specifically in the amount of one-hundred thousand dollars ($100,000) per individual and three-hundred thousand dollars ($300,000) per accident in order to protect the financial integrity of any individual who potentially would suffer bodily injury as a result of their negligence while operating a motor vehicle.

26. As a result of Plaintiffs' election of bodily injury liability limits in an amount greater than the minimum coverage required by Pennsylvania law, Plaintiffs paid, and Defendant,

AMERICAN STATES INSURANCE COMPANY, accepted, increased premium payments for the subject policy.

27. As mentioned above, at the time of the purchase of the aforementioned policy of insurance with Defendant, AMERICAN STATES INSURANCE COMPANY, Plaintiff also elected to purchase UIM coverage in the amount of fifty thousand dollars ($50,000) per individual and one-hundred thousand dollars ($100,000) per accident.

28. As a result of Plaintiff's election of UIM coverage, Plaintiff paid, and Defendant, AMERICAN STATES INSURANCE COMPANY, accepted, increased premium payments for the subject policy.

29. On May 11, 2022, Plaintiff, acting through counsel, submitted a written demand for Defendant, AMERICAN STATES INSURANCE COMPANY, enclosing medical records confirming that he was suffering the above injuries, that said injuries and damages were ongoing, and requesting Defendant to tender an offer of the total available UIM limits of fifty thousand dollars ($50,000.00).

30. On June 21, 2022, counsel for Plaintiff emailed Defendant, AMERICAN STATES INSURANCE COMPANY, asking if Defendant completed its Underinsured Motorist claim evaluation.

31. On June 27, 2022, counsel for Plaintiff emailed Defendant, AMERICAN STATES INSURANCE COMPANY, asking if Defendant had authority on the Underinsured Motorist claim and reiterating his demand that limits be tendered.

32. Counsel for Plaintiff emailed Defendant, AMERICAN STATES INSURANCE COMPANY, asking if Defendant had authority and reiterating his demand that limits be tendered on July 1, 2022, July 8, 2022, July 12, 2022 and July 21, 2022.

33. Counsel for Plaintiff also called Defendant, AMERICAN STATES INSURANCE COMPANY, numerous times in the same time-period reiterating his demand for policy limits, but

Defendant did not respond.

34. On July 21, 2022, counsel for Plaintiff emailed Defendant, AMERICAN STATES INSURANCE COMPANY, regarding the above and asking Defendant to issue waiver of subrogation and consent to settlement of the underlying overdue settlement.

35. Despite Plaintiff's counsel's above-mentioned efforts and continued follow-ups., Plaintiff is not aware of Defendant, AMERICAN STATES INCURANCE COMPANY, completing any evaluation of his UIM claim to present date.

36. As of the date of the filing of the within Complaint, Defendant, AMERICAN STATES INSURANCE COMPANY, has refused to pay the demanded amount, the Underinsured Motorist policy limit, or to make any offer to settle the aforementioned Underinsured Motorist claims.

37. At all times material hereto, Plaintiff selected and was/is entitled to the full tort option pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

38. Plaintiff is an insured under the subject policy as defined by the subject policy previously cited above.

39. Therefore, Plaintiff is legally entitled to present a UIM claim against Defendant, AMERICAN STATES INSURANCE COMPANY, and the policy in question.

40. At all times material hereto, Plaintiff has fully and completely complied with all terms, conditions, and duties required under the subject policy.

41. The subject policy provides that Defendant, AMERICAN STATES INSURANCE COMPANY, will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury.

42. The vehicle operated by the tortfeasor is an underinsured motor vehicle as defined by the subject policy in that the total amount of the bodily injury liability insurance is insufficient to fully, reasonably, and adequately compensate the Plaintiff for all injuries and damages suffered and

sustained as a result of the subject motor vehicle collision.

43. The damages sustained by Plaintiffs as a result of this aforementioned incident exceed the limits of all available coverage from the underinsured tortfeasor, AMELIA STARNES, that being fifteen thousand dollars ($15,000.00) per individual, and thirty thousand dollars ($30,000.00) per accident.

44. Defendant, AMERICAN STATES INSURANCE COMPANY, is liable for all damages sustained that are in excess of the liability limits of the tortfeasor's vehicle, that being all damages in excess of fifty thousand dollars ($50,000.00) per individual, and one-hundred thousand dollars ($100,000.00) per accident.

45. Defendant, AMERICAN STATES INSURANCE COMPANY, has failed to objectively and fairly evaluate Plaintiff's UIM claim.

46. Defendant, AMERICAN STATES INSURANCE COMPANY, has failed to properly offer payment to Plaintiff of the reasonable and fair value of Plaintiff's UIM claim.

47. Defendant, AMERICAN STATES INSURANCE COMPANY, has failed to reasonably investigate Plaintiff's claim in as much as a thorough and proper inquiry would have revealed that:

 a. Plaintiff, RICHARD SHAWLEY, sustained serious and permanent injuries and damages as a result of the subject motor vehicle accident;
 b. Plaintiff, RICHARD SHAWLEY, incurred and will continue to incur significant economic losses;
 c. Plaintiff, RICHARD SHAWLEY, is still suffering from the aforementioned serious and permanent injuries; and
 d. Plaintiff, RICHARD SHAWLEY, is still receiving medical treatment for the aforementioned serious and permanent injuries and will require medical treatment into the future.

48. At all times material hereto, Defendant, AMERICAN STATES INSURANCE COMPANY, owed Plaintiff a contractual and statutory obligation to promptly and fairly investigate and evaluate Plaintiff's UIM claims and to tender a fair offer of UIM coverage when

such an offer is warranted.

49. For the reasons set forth above, Defendant, AMERICAN STATES INSURANCE COMPANY, violated and breached its contractual and statutory obligations under the terms and conditions of its contract of insurance with Plaintiff.

50. Plaintiff claims and is entitled to receive and recover any and all compensatory damages allowed under Pennsylvania law to fully, reasonably, fairly, and adequately compensate Plaintiff as a result of all injuries and damages sustained by the Plaintiffs as a result of the negligent actions of the tortfeasor, including, but not limited to, those damages set forth in this Complaint.

WHEREFORE, Plaintiff, RICHARD SHAWLEY, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant, AMERICAN STATES INSURANCE COMPANY, in an amount in excess of the jurisdictional limits, plus court costs.

**JURY TRIAL DEMANDED**

## COUNT II – BAD FAITH
### (RICHARD SHAWLEY v. AMERICAN STATES INSURANCE COMPANY)

51. The above paragraphs are incorporated herein by reference as though fully set forth at length.

52. The actions of Defendant, AMERICAN STATES INSURANCE COMPANY, in the handling of the UIM claim of Plaintiff as further set forth in Count I and throughout this Complaint, constitute Bad Faith claims handling as defined under 42 Pa.C.S. § 8371 as follows:

   a. In failing to objectively and fairly evaluate Plaintiff's UIM claim;
   b. In engaging in dilatory and abusive claim handling;
   c. In failing to adopt and/or implement reasonable standards in evaluating Plaintiff's claim;
   d. In acting unreasonably and unfairly in response to Plaintiff's Underinsured Motorists claims/demand;

    e. In failing in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's Underinsured Motorists claims when Defendant's liability and obligations under the policy are clear;

    f. In subordinating the interests of its insured and those entitled to its insured's coverage to its own financial monetary interest;

    g. In failing to promptly offer a reasonable UIM payment to the Plaintiff;

    h. In failing to objectively and fairly evaluate Plaintiff's UIM claim and extend a fair and reasonable settlement offer;

    i. In violating the contractual duties and obligations, including but not limited to the duty of good faith and fair dealing, to its insured, Plaintiff, to fairly and objectively evaluate and settle his UIM claim;

    j. In failing to promptly, reasonably, and adequately investigate Plaintiff's claim;

    k. In failing to reasonably, objectively, and adequately evaluate and/or review the medical documentation in Defendant, AMERICAN STATES INSURANCE COMPANY'S, possession;

    l. In violating the duty of good faith and fair dealing owed to an insured under the policy, that being Plaintiff;

    m. In acting unreasonably and unfairly by withholding UIM benefits justly due and owing to Plaintiff;

    n. In failing to make an honest, intelligent and objective settlement offer;

    o. In causing Plaintiff to expend monies, including litigation costs and expenses, to pursue his claim; and

    p. In causing Plaintiff to bear the stress and anxiety associated with litigation.

53. An insurer such as Defendant, AMERICAN STATES INSURANCE COMPANY, has a contractual and statutory obligation to those such as Plaintiff.

54. At all relevant times, Plaintiff has fully complied with the terms and conditions of the policy in question and all conditions precedent and subsequent to his right to recover UIM benefits under the aforementioned policy.

55. Defendant, AMERICAN STATES INSURANCE COMPANY, has engaged in wonton and reckless conduct with regard to the welfare, interest and rights of Plaintiff and is liable for its Bad Faith conduct.

56. For the reasons set forth above, Defendant, AMERICAN STATES INSURANCE

COMPANY, has violated the contract of insurance, its obligations as an insurer, has failed to act in good faith toward the Plaintiff, and has violated 42 Pa.C.S. § 8371, for which the Defendant, AMERICAN STATES INSURANCE COMPANY, is liable for punitive damages, together with interest, attorney's fees, costs and any such other relief as the Court deems appropriate.

WHEREFORE, Plaintiff, RICHARD SHAWLEY, demands judgment in his favor and against Defendant, AMERICAN STATES INSURANCE COMPANY, in an amount in excess of the jurisdictional limits for punitive damages, interest, costs of suit, attorneys fees and any other damages allowed by 42 Pa. C.S.A. § 8371, as well as any such other relief that the Court may deem appropriate.

**JURY TRIAL DEMANDED**

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant, AMERICAN STATES INSURANCE COMPANY, as follows:

a. Awarding actual damages to Plaintiff in an amount be determined at trial;

b. Awarding pre-judgment and post-judgment interest to the Plaintiff;

c. Awarding costs of suit;

d. Awarding attorney's fees;

e. Awarding punitive damages;

f. Awarding any other damages allowed by 42 Pa. C.S.A. § 8371; and

g. Granting all such other relief as the Court deems necessary, just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,
CHAFFIN LUHANA LLP

By: */s/ Justin D. Joseph*
Eric T. Chaffin, Esq. (PA Bar #78725)
Patrick C. Booth, Esq. (PA Bar #202200)
Justin D. Joseph, Esq. (PA Bar #311145)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Amended Complaint was served upon the following counsel of record via Electronic Filing this 6th day of March 2023:

Patricia A. Monahan, Esq.
Marshall Dennehey Warner Coleman & Goggin
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA 15219
pamonaham@mdwcg.com

By:  /s/ *Justin D. Joseph*
Justin D. Joseph, Esquire
Attorney for Plaintiff